<span>PATTERSON vs. GARRISON.</span>

---

## PATTERSON vs. GARRISON.

### APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

Where there is no evidence of the rate of interest, in the state where the obligation sued on was made, it must be assumed as the same rate of legal interest in this state.

EASTERN DIST.
December, 1840.
───────────
PATTERSON
vs.
GARRISON.

This is an action on two promissory notes executed by the defendant, in the State of Maryland, the 21st October, 1837, payable in one and two years after date, to the order of the plaintiff.

The defendant admitted his signature to the notes, but denied that he ever received any consideration therefor. He prays that the suit be dismissed. Interrogatories were propounded to the plaintiff, touching the consideration, who declared on oath, that it was for money loaned and advanced to one John Gooding, for the purpose, and applied to the improvement of defendant's property, in the vicinity of Baltimore, and that the latter guarantied the re-payment of it, at the time, &c. There was judgment for the plaintiff, allowing 6 per cent. interest, without proof of the rate of interest in Maryland. The defendant appealed.

*Eggleston,* for the plaintiff.

*Jennings* and *Penn,* contra.

*Martin, J.,* delivered the opinion of the court.

The defendant is appellant from a judgment on his two promissory notes. He did not deny his signature to the notes, but relied on a want of consideration. He made an unsuccessful attempt to probe the conscience of the plaintiff, by propounding interrogatories. The answers to which fully establish the consideration, and charges the defendant. There was other proof of his indebtedness.

The notes were given in Maryland, and bear upon their face *legal interest.* The judge *a quo* allowed interest, at the rate of 6 per cent. per annum. There being no evidence in the record, of the legal rate of interest in the State of Maryland, the judge ought to have assumed that it was the same as in this State, to wit, 5 per cent.

It is, therefore, ordered, adjudged and decreed, that the judgment be annulled and reversed ; and it is further ordered, adjudged and decreed, that the plaintiff do recover from

Where there is no evidence of the rate of interest, in the state where the obligation sued on was made, it must be assumed as the same rate of legal interest in this state.

the defendant the sum of eighteen hundred dollars, with five
per cent. interest, from the 21st of October, 1837, until paid;
the plaintiff and appellee paying the costs of the appeal.